UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JOHN DUTCH,<br><br>　　　Plaintiff,<br><br>v.<br><br>MERIWETHER COUNTY, GEORGIA,<br><br>　　　Defendant. | CIVIL ACTION FILE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, John Dutch ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Meriwether County, Georgia (hereinafter "Defendant" or "Meriwether"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. § 1983 ("§ 1983").

### II. PARTIES

2. Plaintiff is a resident of the State of North Dakota, a citizen of the United

States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a local government with headquarters at 17234 Roosevelt Highway, Building B, Greenville, Georgia 30222.

4. Defendant may be served by delivering a copy of the Complaint and Summons to Mr. Theron Gay, County Manager, 17234 Roosevelt Highway, Building B, Greenville, Georgia 30222.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts II and III of this Complaint, which arise out of 42 U.S.C. §§1983 and 1988.

7. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Newnan Division of the Northern District of Georgia.

8. Plaintiff exhausted all administrative remedies in this matter.

9. This action has been timely commenced.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

11. Defendant is now, and at all times relevant hereto, an employer subject to Title VII.

12. Defendant is now, and at all times relevant hereto, a public employer subject to § 1983.

13. Plaintiff was, at all times relevant hereto, a public employee pursuant to § 1983.

14. At the time relevant to this Complaint, Plaintiff was employed by the Meriwether County Fire and Rescue, a division of Defendant's local government.

15. Plaintiff was employed by Defendant from March 4, 2019, until his termination on January 23, 2020.

16. Plaintiff is African American.

17. Plaintiff was employed as a Paramedic and Firefighter by Defendant.

18. During all times relevant to Plaintiff's claims, Plaintiff reported to Fire Chief Alfons Pyenberg.

19. Prior to the events in question, Plaintiff received no disciplinary actions or other indication of poor performance.

20. Throughout Plaintiff's employment with Defendant, he was the only African American employed by the county in Fire and Rescue until shortly before his

termination.

21. Throughout Plaintiff's employment with Defendant, he encountered several instances of racism within the Fire and Rescue department.

22. Plaintiff heard Caucasian Paramedics talk about "going to see the hood rats" when responding to calls in low-income, African American neighborhoods.

23. Plaintiff informed the Caucasian Paramedics that the comments were offensive to him.

24. The Caucasian Paramedics continued making racist remarks.

25. In April 2019, Plaintiff heard Mr. Randall Cobb, a Defendant employee, refer to bi-racial children as "mud babies."

26. Mr. Cobb is Caucasian.

27. Around November 2019, Plaintiff learned that a Lieutenant position was about to become available with Defendant.

28. The Lieutenant position would report to Captain Gavin Hall.

29. Captain Hall is Caucasian.

30. Plaintiff followed the proper procedure to be considered for the Lieutenant position.

31. Captain Hall recommended Plaintiff for the position.

32. Without reason, Chief Pyenberg refused to promote Plaintiff.

33. Chief Pyenberg asked unqualified, Caucasian individuals to apply for the position.

34. Lieutenant Chet Lahorn was moved into the Lieutenant position from another shift.

35. Lieutenant Chet Lahorn is Caucasian.

36. Plaintiff was informed by Deputy Chief Dustin Owens that Plaintiff's non-selection was due solely to his race.

37. In December 2019, Mr. Tim Rogers recounted an assignment to a group of coworkers, including Plaintiff.

38. During this conversation, Mr. Rogers stated he went to the "projects" and a lot of Black people were around.

39. Mr. Rogers told Plaintiff to "not get offended."

40. Mr. Rogers proceeded to say he "felt like Tarzan in the middle of all of it," implying that African Americans are like monkeys.

41. Mr. Rogers is Caucasian.

42. Plaintiff informed Mr. Rogers that he was offended by this comment.

43. Lieutenant Lahorn was present for this incident.

44. Lieutenant Lahorn took no remedial action.

45. In January 2020, Plaintiff applied to move from a full-time to part-time

position with Defendant.

46. Several of Plaintiff's Caucasian counterparts have moved back and forth between full-time and part-time positions without issue.

47. Unlike Plaintiff's Caucasian counterparts, Plaintiff was not approved for the transfer.

48. In this same month, Chief Pyenberg terminated Plaintiff's employment without reason.

49. Plaintiff filed a claim with the EEOC on or about July 1, 2020, Charge Number 410-2020-06720.

50. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated February 28, 2022.

## V. CLAIMS FOR RELIEF

## COUNT I: TITLE VII RACE DISCRIMINATION

51. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

52. Plaintiff is a member of a protected class by virtue of his race. *Para. 17.*

53. Defendant discriminated against Plaintiff in the terms and conditions of his employment based on race. *Paras. 21-44.*

54. Defendant allowed Caucasian employees to make racist remarks in the

workplace. *Paras. 23, 26, 39-41.*

55. The harassment of Plaintiff throughout his employment was severe or pervasive to create a discriminatorily abusive working environment.

56. Plaintiff suffered the adverse action of having his request for a part-time position denied. *Paras. 46-48.*

57. Plaintiff suffered the adverse action of termination. *Para. 49.*

58. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

59. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: § 1983 RACE DISCRIMINATION

60. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

61. Plaintiff is a member of a protected class by virtue of his race. *Para. 17.*

62. Defendant discriminated against Plaintiff in the terms and conditions of his employment based on race. *Paras. 21-44.*

63. Defendant treated Plaintiff disparately from other employees on the basis of race. *Paras. 33-37, 44-49.*

64. Defendant allowed Caucasian employees to make racist remarks in the

workplace. *Paras. 23, 26, 39-41.*

65. The harassment of Plaintiff throughout his employment was severe or pervasive to create a discriminatorily abusive working environment.

66. Plaintiff suffered the adverse action of having his request for a part-time position denied. *Paras. 46-48.*

67. Plaintiff suffered the adverse action of termination. *Para. 49.*

68. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

69. Plaintiff has suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT III: ATTORNEY FEES AND COSTS

70. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

71. As Defendant violated Plaintiff's rights protected by 42 U.S.C. §§1983 and 1981, Plaintiff is entitled to recover his attorney's fee and expenses as provided by §1988 and other relevant federal statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.   Declaratory relief;

b.   Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c.   Punitive damages; and

d.   Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 27th day of May, 2022.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                <u>s/Amanda M. Brookhuis</u>
                                                Amanda Brookhuis
                                                Georgia Bar No. 601396
                                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

9.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 27th day of May, 2022.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

10.